JUSTICE NELSON
specially concurs.
¶27 In default of the County’s failure to effectively develop its Article II, Section 3 (fundamental right to a clean and healthful environment) argument in these proceedings, I am left with no other alternative but to concur in the statutory analysis of our Opinion.
¶28 In doing so, however, I do not concede that, statute or no statute, a governmental entity can act in a fashion so as to permit or require infringement of the environmental interests protected under Article II, Section 3 and Article IX, Section 1, of the Constitution of Montana. See MEIC v. Department of Envtl. Quality, 1999 MT 248, 296 Mont. 207, 988 P.2d 1236; Cape-France Enter. v. Estate of Peed, 2001 MT 139, ¶¶ 30-37, 305 Mont. 513, ¶¶ 30-37, 29 P.3d 1011, ¶¶ 30-37.
¶29 If, indeed, the neighborhood school students’ fundamental rights to a clean and healthful environment were put at risk because of the operation of § 76-2-209, MCA, (and that is what, in my view, the County Commissioners effectively determined) then the Board should have brought its constitutional challenge in the District Court at the outset.
¶30 With the foregoing caveat, I concur.